IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRUCE HIGGINS, CRAIG RUTZ and THOMAS LUDVIK, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 03 C 1907 |
| VILLAGE OF RIVER FOREST, a Municipal Corporation, | ) ) ) ) | Honorable Joan B. Gottschall |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Bruce Higgins, Craig Rutz and Thomas Ludvik have sued their employer, the Village of River Forest Police Department (the "Village"), charging it with discrimination and retaliation under Title VII, 42 U.S.C. § 2000e, *et seq.* and discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* Presently before the court is the Village's motion for summary judgment. For the reasons stated below, that motion is granted in part and denied in part.

### I. BACKGROUND[1]

---

[1] At the outset, the court notes that the Village's papers are deficient in a number of respects, needlessly complicating resolution of its motion (and perhaps this case). First, the Village fails to provide the court with a coherent overview of the facts relevant to the motion. Although the Village lists some facts in a terse Local Rule 56.1(a)(3) statement, this separate required filing is a poor surrogate for setting out and developing the relevant facts in a party's brief. *See, e.g., Malec v. Sanford*, 191 F.R.D. 581, 585 (N.D. Ill. 2000) ("56.1 statements do not abrogate a party's obligation to recite its version of facts in its supporting memorandum.") Compounding this error, the Village has ignored the court's Standing Order Regarding Motions for Summary Judgment by failing to support those facts that are alleged in its brief with citation either to its LR 56.1 statement or to the record itself. *See* Standing Order § I ("It is very helpful if citations to facts in the memorandum are to both the 56.1(a)(1) documents establishing the fact *and* to the 56.1(a)(3) statement.")(emphasis in original); *see also Malec*, 191 F.R.D. at 583, 586 (noting that "[f]actual allegations not properly supported by citation to the record are nullities" and advising that parties' memoranda cite the relevant 56.1 statements). Because many of the

The following facts properly before the court are relevant to the motion. Higgins and Rutz are Caucasian males who are lieutenants in the Village's police department. At the time periods relevant to the complaint they were 53 and 51 years old, respectively. Ludvik, also a Caucasian male, is a sergeant with the department who was 47 years old during the time periods alleged in the complaint. Higgins held the position of Operations Commander and Rutz the position of Administrative Division Commander until early 2002. At that time, the Village restructured the police department and replaced those positions with two new positions: Deputy Chief of Operations and Deputy Chief of Administration. Twelve applicants, including the plaintiffs, applied for these new positions.

A panel interviewed all the prospective candidates and made recommendations to Chief Michael Holub. Holub appointed Sergeant Robert Jandrisits, a 50 year old Caucasian male, to the Deputy Chief of Operations position and Patrol Officer Kendra Sullivan, a 38 year old Caucasian female, to the Deputy Chief of Administration position. The plaintiffs subsequently filed charges of age and sex discrimination with the EEOC, and brought this suit after receiving their right-to-sue letters. The complaint reiterates the EEOC charges, and also alleges that the Village retaliated against Higgins and Rutz for complaining about the alleged discriminatory acts. Counts I, IV and IX of the complaint charge the Village with discriminating against Higgins, Rutz and Ludvik on the basis of age, Counts VI and X charge the village with discriminating against Rutz and Ludvik on the basis of gender, Counts II and III allege that the

---

assertions in the Village's brief do not find an analogue in its LR 56.1(a) statement and the brief contains no record citations at all, the court is forced to rely solely on the facts in the 56.1(a) statement in deciding this motion. *See Albrechtsen v. Board of Regents of University of Wisconsin System*, 309 F.3d 433, 436 (7th Cir. 2002) ("'Judges are not like pigs, hunting for truffles buried in' the record.")(quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)).

village improperly retaliated against Higgins for complaining about alleged age discrimination, and Counts V and VII charge the Village with retaliation based on Rutz's complaints of age and gender discrimination.[2]

## II. ANALYSIS

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The party opposing summary judgment may not rest upon the pleadings, but "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). There is no genuine issue for trial unless there is "sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Id*. The party moving for summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

### A. Age Discrimination.

The Village first challenges Higgins' age discrimination claim, noting that the individual chosen for the job was only three years Higgins' junior. To prevail on his claim, Higgins must show either direct evidence of discriminatory intent or proceed under the burden-shifting method outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under the latter method,

---

[2] Count VIII of the complaint charges the Village with age discrimination based on Rutz's loss of the position of Crime Prevention Officer. The Village mistakenly assumes that Count VIII also complains of Rutz's failure to secure the Deputy Chief of Administration position, and it is this issue, which is not part of Count VIII, to which the Village's summary judgment argument is directed.

Higgins must present evidence tending to show: (1) he was a member of the protected class (here, persons 40 years old or older); (2) he was qualified for the job for which he applied; (3) he was subject to a materially adverse employment action; and (4) a substantially younger employee was treated more favorably. *Zaccagnini v. Charles Levy Circ. Co.*, 338 F.3d 672, 675 (7th Cir. 2003). The Village challenges only the fourth *McDonnell Douglas* element, arguing that the selection of a 50 year old over a 53 year old does not support a *prima facie* case of age discrimination. *See, e.g., Bennington v. Caterpillar Inc.*, 275 F.3d 654, 659 (7th Cir. 2001) (five year age difference insufficient, by itself, to establish *prima facie* case of age discrimination where both plaintiff and those allegedly favored over him were members of the protected class).

Higgins counters that he has evidence of discrimination that provides either evidence of direct discrimination or helps establish a *prima facie* case under *McDonnell Douglas*. According to Higgins, he was the only candidate asked during the interview process about his plans to retire, and Chief Holub commented on Higgins' alleged impending retirement on other occasions. Higgins argument fails in this circuit because an employer's inquiries concerning an employee's retirement plans are not treated as evidence of unlawful conduct for purposes of establishing ADEA claims. *Colosi v. Electri-Flex Co.*, 965 F.2d 500, 502 (7th Cir. 1992) (asking an employee when he plans to retire is not evidence of discrimination under the ADEA because "a company has a legitimate interest in learning its employees' plans for the future, and it would be absurd to deter such inquiries by treating them as evidence of unlawful conduct"). *See also Rowan v. Lockheed Martin Energy Systems, Inc.*, 360 F.3d 544 (6th Cir. 2004) (employer's concern about pending retirement is not the same as bias against age); *Shorette v. Rite Aid of Maine, Inc.*, 155 F.3d 8, 13 (1st Cir. 1998) (manager's questioning regarding age of plaintiff and his retirement plans were a "textbook example of an isolated remark which demonstrates

nothing"). In fact, the evidence before the court suggests that it was Higgins who either first raised the issue of his retirement with the Village, or at the very least did nothing to dispel its impression that he intended to retire in the near future. *See* Holub Dep. Ex. 20 (performance evaluation signed by Higgins indicated that he had attended a "pre-retirement seminar in anticipation of separating from active duty in the next year").

Higgins also argues that his age discrimination claim should survive because the entire selection process was a sham. Specifically, Higgins points to an application to attend a law enforcement seminar executed by Jandrisits which listed his rank as "Deputy Chief" even though the Village had yet to select the new Deputy Chiefs as of the date of the application. Perhaps the selection process was rigged from the outset (an inference to which Higgins is entitled at the summary judgment stage), but evidence of unfairness is not always evidence of age discrimination, particularly when the goal of the alleged scheme is to replace one quinquagenarian with another. Because Higgins has set forth no direct evidence of age discrimination nor made a *prima facie* case under *McDonnell Douglas*, the court grants summary judgment as to Count I of plaintiffs' complaint.

The Village contends that summary judgment also is appropriate as to Rutz and Ludvik's age discrimination claims because discovery has failed to produce evidence of discrimination, but the Village's argument fails as to these plaintiffs. Rutz and Ludvik were vying for a position ultimately filled by a 38-year-old, which distinguishes their claims from Higgins' in two respects. First, the age difference between Sullivan and Rutz and Ludvik is significantly greater than the less than five year gap separating Higgins and his replacement Jandrisits. In fact, Rutz–who is 13 years older than Sullivan–can make his *prima facie* case based on this age difference alone. *See, e.g., Hartley v. Wisconsin Bell*, 124 F.3d 887, 893 (7th Cir. 1997) (ten

year age difference "presumptively substantial" for purposes of determining whether a plaintiff can make *prima facie* case). In addition, unlike Jandrisits, the 38-year-old Sullivan is not a member of the protected class to which Rutz and Ludvik belong (40 and above for purposes of the ADEA). Although Ludvik falls just short of the ten year presumption announced in *Hartley*, in the court's view he has established a *prima facie* case because the person who received more favorable treatment was not a member of the protected class, and because the nine-year-plus age difference between himself and Sullivan is sufficiently significant. *See, e.g., Owens v. Top Transp. Services, Inc.*, 168 F. Supp. 2d 866, 869 (N.D. Ill. 2001) (holding that an age disparity just short of ten years can be presumptively substantial for purposes of establishing a *prima facie* case and noting that "[t]he *McDonnell Douglas* analysis is not rigid, mechanized, or ritualistic").

Because Rutz and Ludvik have established their *prima facie* cases, the burden shifts to the Village to articulate a legitimate, nondiscriminatory reason for not selecting these plaintiffs. *Zaccagnini v. Chas. Levy Circulating Co.*, 338 F.3d 672, 676 (7th Cir. 2003). This burden is slight, requiring the Village to provide only a "facially legitimate" reason for its decision. *Id*. If the Village can do so, the burden of proof reverts to plaintiffs to demonstrate that the proffered reason is pretext. *Id*. The Village insists that Sullivan was chosen because she was "best suited for the job," but its LR 56.1 statement is completely silent as to any of Sullivan's qualifications.[3] Slight though the Village's burden is, it has not been met here, so resolution of this issue must wait until trial. The Village's motion is denied as to Counts IV and IX.

---

[3] The Village elaborates somewhat in its reply, explaining that its decisionmakers felt "Sullivan possessed the best intangible leadership and management skills to successfully perform the Deputy Chief position." Def.'s Reply at 6. This justification is nowhere to be found in the Village's statement of undisputed facts and therefore cannot be considered in ruling on this motion.

B.  **Gender Discrimination.**

Rutz and Ludvik also charge the Village with gender discrimination under Title VII. As with age discrimination, plaintiffs may offer direct evidence of gender discrimination or proceed under the *McDonnell Douglas* burden-shifting framework. *Mills v. Health Care Serv. Corp.*, 171 F.3d 450, 454 (7th Cir. 1999). Rutz and Ludvik have opted for the latter approach. The Seventh Circuit permits reverse gender discrimination claims to proceed under *McDonnell Douglas,* with the caveat that the majority employee show, in lieu of demonstrating membership in a protected class, that there are "background circumstances" giving rise to an inference of discrimination. *Id*. at 456-57. Such background circumstances include superior qualifications on the part of the rejected employee or an employer's expression of intense interest in hiring a person from a protected class. *Id*. at 457.

The Village contends that the record is devoid of any inference of reverse discrimination. Rutz and Ludvik argue in response that the Village urged Sullivan to apply for the position and then selected her despite the plaintiffs' superior qualifications. Rutz notes that he:

- was Sullivan's supervisor

- held a much higher rank (Lieutenant v. Patrol Officer)

- was a former Acting Chief, Operations Commander and Administrative Commander

- had greater supervisory and training experience

Similarly, Ludvik notes that he:

- was Sullivan's supervisor

- held higher rank and credentials (Detective v. Patrol Officer)

- was more experienced

- outscored Sullivan on a test administered to applicants for the Deputy Chief of Administration position

The Village does not seriously dispute the existence of Rutz and Ludvik's allegedly superior qualifications, but nevertheless dismisses them as "vague rhetoric," arguing that the qualifications (with the possible exception of the test scores) are merely indicia of a longer tenure with the department, and employers are entitled to make decisions on the basis of factors other than seniority. The Village certainly is entitled to consider factors beyond seniority when promoting its employees, but such arguments go to the proffered reasons why Sullivan was hired rather than to the plaintiffs' *prima facie* case. All things being equal, it is the irrational employer that foregoes candidates with superior training, experience and track records of promotion in favor of a candidate who does not possess these attributes. *See, e.g., Harding v. Gray*, 9 F.3d 150, 153 (D.C. Cir. 1993)("[I]f a more qualified [majority] applicant is denied promotion in favor of a minority applicant with lesser qualifications, we think that in itself raises an inference that the defendant is 'that unusual employer who discriminates against the majority.'")(internal citation omitted). As with Rutz and Ludvik's age discrimination claims, they have provided enough evidence to impose the minimal burden on the Village of explaining why it chose Sullivan for the Deputy Chief position. And as above, while the Village may have colorable reasons for selecting Sullivan, they are unsupported by proper citation to the record. Summary judgment is denied as to Counts VI and X.

### C. Retaliation.

The Village also contends that summary judgment is appropriate as to Higgins and Rutz's retaliation claims. To establish a prima facie case for unlawful retaliation, a plaintiff must prove three elements: (1) he engaged in statutorily-protected expression; (2) he suffered an

adverse employment action; and (3) there was a causal link between the protected expression and the adverse action. *Krause v. City of La Crosse*, 246 F.3d 995, 1000 (7th Cir. 2001). Higgins complains that he was refused sick leave, was ordered to document personal and private conversations, was penalized for refusing to do so, was prohibited from having contact with the Village's police department, and that his friends, fellow officers and acquaintances were questioned frequently about his sick leave. Rutz maintains that his reassignment from the position of Crime Prevention Officer to patrol officer constituted an adverse employment action.

The Village contends that summary judgment is appropriate as to Higgins' claims because a denial of a brief sick leave request is not an adverse employment action, but ignores Higgins' evidence supporting other instances of alleged retaliation, such as the prohibition against contact with the police department, which the court already has explained may raise a fact question as to whether the adverse action was sufficiently significant. *See Higgins v. Village of River Forest*, No. 03 C 1907, Docket No. 47, at 4 (N.D. Ill. Mar. 26, 2004). The Village also maintains that it may punish Higgins for disobeying the direct orders that Higgins claims constitute retaliation, but this argument fails because an employer may not insulate itself from liability based on the proposition that even unlawful orders must be followed. *See, e.g., Johnson v. University of Cincinnati*, 215 F.3d 561, 579 (6th Cir. 2000) ("[A]n employee is protected against employer retaliation for opposing any practice that the employee reasonably believes to be a violation of Title VII ... including ... refusing to obey an order because the worker thinks it is unlawful under Title VII."). Summary judgment is denied as to Counts II and III.

Finally, the Village contends that summary judgment is appropriate as to Rutz's retaliation claims because Rutz has not suffered an adverse action and because there is no causal relationship between the Rutz's alleged adverse action and the protected conduct. The former

argument is without merit as Rutz has set forth sufficient evidence to raise a fact question as to whether his assignment to "mundane" new duties as patrol officer (*e.g.* reporting whether or not street lights were burned out) constituted an adverse employment action. Plaintiffs, however, do not even respond to the causality argument.[4] Absent an argument that there is evidence tending to raise a fact question as to whether Rutz's reassignment to the position of patrol officer was in some way motivated by his allegations of discrimination, Rutz must be deemed to have waived any such contention, and the court grants summary judgment as to Counts V and VII.

### III. CONCLUSION

For the foregoing reasons, the court grants defendant's motion for summary judgment as to Counts I, V and VII of plaintiffs' complaint and denies the motion as to the remaining seven counts.

ENTER:

/s/

Joan B. Gottschall
United States District Judge

DATED: August 24, 2005

---

[4] Plaintiffs assert that causality is not at issue, but they do not explain why. The Village's argument, though minimal, is properly before the court.